PEOPLE v FIORILLO

Docket No. 133510. Submitted May 6, 1992, at Lansing. Decided
September 8, 1992, at 9:25 A.M.

Louis J. Fiorillo, who owns and operates a pharmacy in Isabella
County, was charged in the Ingham Circuit Court with Medi-
caid and health care fraud following the execution in Isabella
County of a search warrant issued by the 55th District Court in
Ingham County. The circuit court, James T. Kallman, J.,
quashed the information, ruling in part that the search war-
rant was invalid because it was issued and executed in different
counties. The prosecution appealed.

The Court of Appeals *held:*

There are no constitutional or statutory provisions prevent-
ing the district court from issuing a search warrant to be
executed outside the county of its issuance.

1. Const 1963, art 6, § 1 provides that the judicial power of
the state is vested exclusively in one court of justice divided
into the Supreme Court, the Court of Appeals, the circuit court,
the probate court, and courts of limited jurisdiction as may be
established by the Legislature.

2. The statute under which the district court was created
established one district court divided into administrative units
called judicial districts and conferred it with jurisdiction that is
not limited territorially. Because there is only one district
within the state, there is no need for explicit statutory authori-
zation allowing the district court to issue statewide search
warrants.

Reversed and remanded.

COURTS — DISTRICT COURT — SEARCH WARRANTS.

A search warrant issued by a district court may be executed in
any county within the state (Const 1963, art 6, § 1; MCL
600.8101[1]; MSA 27A.8101[1]).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES
Am Jur·2d, Searches and Seizures §§ 71, 107.
See the Index to Annotations under Search and Seizure.

*Casey,* Solicitor General, and *Ronald W. Emery,* Assistant Attorney General, for the people.

*Hall & Lewis* (by *John W. Lewis*), for the defendant on appeal.

Before: Wahls, P.J., and Marilyn Kelly and Reilly, JJ.

Marilyn Kelly, J. This is a case of first impression. The prosecution appeals, arguing that the circuit court erred in ruling that a search warrant issued by a district court can be executed only in the county of issuance. Its alternative issue is that, even if the search warrant were invalid, the evidence was properly seized. We reverse.

Defendant owns and operates a pharmacy in Isabella County. The prosecutor filed a complaint in the 55th District Court, Ingham County, charging defendant with health care and Medicaid fraud. MCL 752.1003(1); MSA 28.547(103)(1); MCL 400.607(1); MSA 16.614(7)(1). The crimes charged can be prosecuted in Ingham County. MCL 400.611(1); MSA 16.614(11)(1). The prosecutor obtained the evidence against defendant pursuant to a search warrant issued in Ingham County and executed in Isabella County.

After the district court bound defendant over for trial, the circuit court quashed the information, finding the search warrant invalid. The judge remanded to the district court, instructing it to determine whether sufficient evidence existed to bind over defendant absent the illegally seized evidence. On remand, the prosecution argued that the stricken evidence was admissible based either on the inevitable discovery doctrine or on defendant's lack of privacy in the items seized. The district court again bound defendant over for trial.

The circuit court then quashed the information and dismissed the case.

On appeal, the prosecution argues that there is no constitutional or statutory provision limiting the district court's authority to issue a search warrant for execution outside its territorial boundaries. It reasons, therefore, that a warrant issued in one county can be executed outside the county of issuance and that the district court has statewide jurisdiction to issue search warrants. The Michigan Constitution provides:

> The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house. [Const 1963, art 6, § 1.]

Defendant argues that the statutory language chosen, "courts of limited jurisdiction," means the limitation applies to territory as well as subject matter.

However, the statutes interpreting the limited jurisdiction of the district court do not limit the territory.[1] The statute creating the district court refers to the court in the singular and states that the court is divided into administrative units called judicial districts. MCL 600.8101(1); MSA 27A.8101(1). The Michigan Supreme Court has recognized that Michigan has but one district court. *Judges of the 74th Judicial Dist v Bay Co,* 385 Mich 710, 723; 190 NW2d 219 (1971).

In contrast, the statute conferring jurisdiction

[1] See MCL 600.8301; MSA 27A.8301; MCL 600.8302; MSA 27A.8302; MCL 600.8306; MSA 27A.8306; MCL 600.8308; MSA 27A.8308; MCL 600.8311; MSA 27A.8311.

on the Detroit Recorder's Court limits its jurisdiction to crimes committed within the corporate limits of the City of Detroit. MCL 725.10a; MSA 27.3950(1). See also MCL 726.11; MSA 27.3561, repealed by 1980 PA 440, § 5; *People v Washington,* 134 Mich App 504, 509; 351 NW2d 577 (1984). Likewise the repealed statute conferring jurisdiction on the Common Pleas Court in Detroit gave it the same jurisdiction as the justices of the peace had before the courts were consolidated. MCL 728.1 *et seq.*; MSA 27.3651 *et seq.*, repealed by 1972 PA 211, § 1; 1980 PA 438, § 5. The jurisdiction of justices of the peace was limited to the township or city in which they were elected. MCL 600.6601; MSA 27A.6601, repealed by 1974 PA 297, § 2.

Unlike the Detroit Recorder's Court and the abolished Common Pleas Court of Detroit, the statutes conferring jurisdiction on the district court are not territorially limited. Likewise, the statute governing the issuance of search warrants does not limit the authority of the warrants territorially. MCL 780.651; MSA 28.1259(1).

No constitutional or statutory limits exist which prevent the district court from issuing search warrants to be executed outside the county of issuance. Since there is only one district court within the state, there is no need for explicit statutory authorization allowing the district court to issue statewide search warrants. We conclude that the circuit court erred in suppressing the evidence and quashing the information.

Based on our disposition of this matter, we decline to address the prosecution's alternative theory on appeal.

Reversed and remanded to the circuit court for trial. We do not retain jurisdiction.