985 F.2d 840
 24 Fed.R.Serv.3d 1472
 Chun Ok SONG, d/b/a Golden Touch; Choe Insun Choe; Son
Myong Same; Cham Pun Gasser, d/b/a Shang-Hai
Health Spa; Yong Myers; Pun Fuk Yi,
Plaintiffs-Appellants,
v.
CITY OF ELYRIA, OHIO, et al., Defendants-Appellees.
 No. 91-3852.
 United States Court of Appeals,
Sixth Circuit.
 Submitted Oct. 8, 1992.
Decided and Filed Feb. 4, 1993.
 
 Clarence D. Bolden, Jr. (briefed), Roberts & Bishop, Indianapolis, IN, for plaintiffs-appellants.
 Stephen J. Gurchik (briefed), Office of the Sol., Elyria, OH, for defendants-appellees.
 Before: MERRITT, Chief Judge; and BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges.
 BOGGS, Circuit Judge.
 
 
 1
 Plaintiffs, who are owners and employees of massage parlors, contend that the district court erred in dismissing their claim that a municipal ordinance regulating massage parlors is unconstitutional. We affirm.
 
 
 2
 * On January 22, 1991, the City of Elyria amended its regulations on massage establishments. Elyria Ordinance No. 91-22 prohibits massagists who are not licensed by the state medical board from massaging persons of the opposite gender ("cross-massaging"). Ordinance No. 91-22 provides:
 
 
 3
 It shall be unlawful for any massage establishment, massage parlor, or massagist, masseur, or masseuse employed therein, or any massagist, masseur, or masseuse who engages in the administering of massages to administer said massage to a person of the opposite gender.
 
 
 4
 ....
 
 
 5
 This chapter shall not apply to the following individuals while engaged in the personal performance of their respective professions:
 
 
 6
 (c) Those persons who hold a valid and subsisting massagist's license issued by the State pursuant to the provisions of the Ohio Revised Code governing the limited practice of medicine.
 
 
 7
 The plaintiffs, unlicensed female owners and employees of massage parlors who are prohibited by the ordinance from massaging males, sued the City of Elyria, the mayor, the city council, and others, alleging that Ordinance No. 91-22 is unconstitutional. They alleged that compliance with the ordinance would destroy their businesses, occupations, and livelihoods, and that noncompliance with the ordinance would subject them to criminal prosecution. Specifically, the plaintiffs alleged that the ordinance violates both the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the Fourth Amendment, and the prohibition against bills of attainder, U.S. Const. art. I, § 9, cl. 3. Finally, the plaintiffs alleged violations of the Ohio Constitution.
 
 
 8
 The City of Elyria moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. The City of Elyria attached to the Memorandum in Support of the Motion to Dismiss a copy of an agreed judgment entry from a dispute between the parties that occurred before the amendment. In that agreed judgment entry, a federal district court determined that the ordinance, as modified by the City, was constitutional.
 
 
 9
 The district court dismissed all the federal constitutional claims with prejudice. Also, the district court declined to exercise jurisdiction over the state constitutional claims and dismissed them without prejudice.
 
 
 10
 On appeal, the plaintiffs do not attack directly the district court's holding that they failed to state a claim upon which relief can be granted. Instead, the plaintiffs contend that the district court's judgment is tainted by two procedural errors. First, the plaintiffs contend that the district court erred because it did not treat the defendants' motion for dismissal as a motion for summary judgment, as allegedly required by Federal Rule of Civil Procedure 12(b). Second, the plaintiffs contend that the district court erred by failing either to grant them leave to amend or to "safeguard" their right to amend their complaint. We will first address why neither procedural attack has merit. We then will turn to the propriety of the district court's holding that the plaintiffs failed to state a claim upon which relief can be granted.
 
 II
 
 11
 When a party moves to dismiss an action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, both sides proceed with the expectation that the court will decide the motion on the basis of the pleadings alone unless the court notifies them otherwise. Federal Rule of Civil Procedure 12(b) provides:
 
 
 12
 If, on a motion asserting the defense numbered (6) ... matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
 
 
 13
 The plaintiffs claim that two materials outside the pleading were presented to and considered by the district court and that the district court therefore erred by not notifying the parties of its intention to treat the motion for dismissal as a motion for summary judgment. Those two materials were: 1) affidavits attached to the plaintiffs' complaint signed by the plaintiffs and verifying that the statements in the complaint are true; and 2) the prior judgment that the defendants attached to their Memorandum in Support of Motion to Dismiss.
 
 
 14
 The plaintiffs' argument has two fatal flaws. First, the materials submitted to the district court were not outside the pleading. The plaintiffs' affidavits did nothing more than verify the complaint. They added nothing new, but, in effect, reiterated the contents of the complaint itself. See 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 n. 23 (1990). The defendants' attachment only clarified that the issue before the court was narrowed to the constitutionality of the new amendment prohibiting cross-massages. It did not rebut, challenge, or contradict anything in the plaintiffs' complaint. See Watters v. Pelican International, Inc., 706 F.Supp. 1452, 1457 n. 1 (D.Colo.1989) ("To the extent that the [supplement to the motion to dismiss] does not contradict the allegations of the amended complaint, the exhibit does not convert the matter at hand from a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment.").
 
 
 15
 Second, even if the materials were found to be outside the pleading, a party cannot raise for the first time on appeal an argument that she was surprised by the conversion of the motion to dismiss into a motion for summary judgment when the party was aware that materials outside the pleading had been submitted to the court before the court granted the motion. See Wright v. Holbrook, 794 F.2d 1152, 1156 (6th Cir.1986). The plaintiffs cannot claim that they were surprised by the affidavits they submitted, nor can they claim that they were surprised by the attachment to the defendants' Memorandum in Support of Motion to Dismiss. The plaintiffs moved to dismiss on February 6, 1991. The district court did not grant the motion to dismiss until August 13, 1991. The plaintiffs had over six months to submit their own additional materials or to raise the issue that they now raise before this court.
 
 
 16
 The plaintiffs now seek to amend their complaint to add an allegation that the ordinance was racially motivated and has a disparate impact on Korean Americans.[1] 1] The plaintiffs argue that the district court should have granted them leave to amend their complaint. This claim, however, is without merit because the plaintiffs failed to move the district court for leave to amend following the dismissal. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041 (6th Cir.1991).
 
 
 17
 In the alternative, the plaintiffs argue that the district court abused its discretion by failing to safeguard their right to amend their complaint. The district court had no duty to instruct plaintiffs that they had the opportunity to move to amend their complaint. Moreover, the court did not expressly state or imply that the plaintiffs would be denied leave to amend in the event that they did make such a motion. Therefore, the district court's dismissal of the plaintiffs' complaint for failure to state a claim is free from procedural error.
 
 III
 
 18
 * We now turn to the substantive issue of whether the plaintiffs failed to state a claim upon which relief can be granted. We review de novo the district court's dismissal pursuant to Rule 12(b)(6). Collins v. Nagle, 892 F.2d 489, 493 (6th Cir.1989). We will affirm the district court's dismissal only if "it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." Ibid. (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-03, 2 L.Ed.2d 80 (1957)).
 
 
 19
 Numerous state and federal courts have held that similar ordinances do not violate the due process or equal protection provisions of the Constitution, and the Supreme Court has summarily dismissed similar appeals for want of a substantial federal question. See, e.g., City of Indianapolis v. Wright, 267 Ind. 471, 371 N.E.2d 1298, appeal dismissed for want of substantial federal question, 439 U.S. 804, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978); Smith v. Keator, 285 N.C. 530, 206 S.E.2d 203, appeal dismissed for want of substantial federal question, 419 U.S. 1043, 95 S.Ct. 613, 42 L.Ed.2d 636 (1974); Kisley v. City of Falls Church, 212 Va. 693, 187 S.E.2d 168, appeal dismissed for want of substantial federal question, 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169 (1972); see also, e.g., Kutrom Corp. v. City of Center Line, 979 F.2d 1171 (6th Cir.1992); Oriental Health Spa v. City of Fort Wayne, 864 F.2d 486 (7th Cir.1988); Mini Spas v. South Salt Lake City, 810 F.2d 939 (10th Cir.1987); Harper v. Lindsay, 616 F.2d 849 (5th Cir.1980); Wigginess, Inc. v. Fruchtman, 482 F.Supp. 681 (S.D.N.Y.1979), aff'd mem., 628 F.2d 1346 (2d Cir.), cert. denied, 449 U.S. 842, 101 S.Ct. 122, 66 L.Ed.2d 50 (1980).
 
 
 20
 In Hicks v. Miranda, 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975), the Supreme Court made clear that summary dispositions have the same precedental value as other holdings and are binding on the lower courts until the Supreme Court decides otherwise. The Court reprimanded a district court for disregarding a prior summary disposition:
 
 
 21
 The District Court should have followed the Second Circuit's advice ... that "unless and until the Supreme Court should instruct otherwise, inferior federal courts had best adhere to the view that if the Court has branded a question as unsubstantial, it remains so except when doctrinal developments indicate otherwise"; and ... that the lower courts are bound by summary decisions by this Court " 'until such time as the Court informs [them] that [they] are not.' "
 
 
 22
 422 U.S. at 344-45, 95 S.Ct. at 2289 (citations omitted). This court recognized that it is bound to follow Supreme Court summary dispositions in Whitlow v. Hodges, 539 F.2d 582 (6th Cir.), cert. denied, 429 U.S. 1029, 97 S.Ct. 654, 50 L.Ed.2d 632 (1976). Therefore, the question of whether ordinances regulating massage parlors violate the due process and equal protection provisions of the Constitution is well settled, and the district court properly dismissed these claims on the pleadings.B
 
 
 23
 The plaintiffs raise two additional constitutional claims, grounded in the Fourth Amendment and the prohibition on bills of attainder, that apparently were not raised in the cases summarily dismissed by the Supreme Court. First, plaintiffs claim that the ordinance violates the Fourth Amendment because "it provides law enforcement personnel with arbitrary and unconstitutional justification to make searches without probable cause...." The district court found that nothing in the ordinance could be construed to authorize or to permit the search of businesses without first obtaining a warrant based on probable cause. We affirm this finding. The ordinance makes no reference to searches by law enforcement agents, and plaintiffs do not allege that any law enforcement agent has searched their businesses pursuant to the ordinance.
 
 
 24
 Second, plaintiffs allege that the ordinance is a bill of attainder proscribed by the Constitution. U.S. Const. art. I, § 9, cl. 3. The Bill of Attainder Clause is "a general safeguard against legislative exercise of the judicial function, or more simply--trial by legislature." United States v. Brown, 381 U.S. 437, 442, 85 S.Ct. 1707, 1711-12, 14 L.Ed.2d 484 (1965). The ban on bills of attainder limits the role of the legislature to formulating general rules. A legislative body violates the ban on bills of attainder when it enacts laws "that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial." United States v. Lovett, 328 U.S. 303, 315, 66 S.Ct. 1073, 1079, 90 L.Ed. 1252 (1946). The prohibition against bills of attainder "was not intended to serve as a variant of the equal protection clause, invalidating every Act of Congress or the states that legislatively burdens some persons or groups but not all other plausible individuals." Nixon v. Administrator of General Services, 433 U.S. 425, 471, 97 S.Ct. 2777, 2804, 53 L.Ed.2d 867 (1977). Because Ordinance No. 91-22 applies to all person who perform cross-massages without a proper license and does not single out specific persons or persons with specific characteristics, it is not an impermissible bill of attainder.
 
 IV
 
 25
 For the foregoing reasons, we AFFIRM the order of the district court.
 
 
 
 [1]
 The plaintiffs did not mention the fact that they are Korean Americans in their complaint