30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald L. GUNN, Sr., Plaintiff-Appellant,
v.
Roger WEST, Prosecutor; James E. Keller, Fayette Circuit
Judge; Gaylord Thompson, Detective; Horace Embree,
Detective; David Lewis, Detective, in their individual and
official capacities, Defendants-Appellees.
 No. 94-5171.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 1
 Before: GUY and BOGGS, Circuit Judges; and WOODS, Senior District Judge.*
 
 ORDER
 
 2
 Donald L. Gunn, Sr., a pro se Kentucky state prisoner, appeals a district court order dismissing his civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Gunn sought seven million dollars in punitive damages and three million dollars in compensatory damages from a prosecutor, state court judge, and three police detectives, who allegedly violated Gunn's constitutional rights in connection with a criminal proceeding against him by maliciously prosecuting him, denying him an unbiased jury, endangering his life, suborning perjury, and violating his right to be free from unreasonable searches and seizures. The matter was referred to a magistrate judge, who recommended that the complaint be dismissed without prejudice pursuant to 28 U.S.C. Sec. 1915(d). The district court adopted this recommendation and dismissed the complaint. On appeal, Gunn argues that the defendants were not entitled to immunity because they were acting outside their authority, and that he should have been permitted to amend his complaint.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing this complaint as frivolous. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Gunn's arguments on appeal are unavailing. Gunn alleged no facts to support his contention that the prosecutor was not entitled to immunity because he was acting outside his authority. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Similarly, nothing was presented to show that Gunn was dealing with the defendant judge in anything other than his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 359 (1978). Gunn's allegations against the detectives simply lacked an arguable basis in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 5
 The district court did not abuse its discretion by failing to grant leave to amend the complaint where such leave was never sought. See Song v. City of Elyria, Ohio, 985 F.2d 840, 842-43 (6th Cir.1993). Gunn was informed of the deficiencies in his complaint by the magistrate judge's report, and Gunn did nothing to correct or amend the complaint. Cf. Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir.1987).
 
 
 6
 Accordingly, the dismissal of this complaint is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation