110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David L. HUNTER; Kim D. Winokur; Theron J. Hunter (a
minor); Monique D. Hunter (a minor); and David L. Hunter
(a minor), suing by David L. Hunter and Kim D. Winokur,
their parents and next friends, Plaintiffs-Appellants,
v.
Douglas SMITH, Individually and as Ann Arbor Chief of
Police; Walter C. Lunsford, Individually and as Ann Arbor
Deputy Chief of Police; Rich Kinsey, Individually and as
Staff Sergeant of the Special Investigation Unit of the Ann
Arbor Police Department; Thomas P. Pressley, Individually
and as Detective of the Special Investigation Unit of the
Ann Arbor Police Department; Rick P. Cornell, Individually
and as officer of the Special Investigation Unit of the Ann
Arbor Police Department; David L. Miller, Individually and
as Lieutenant of the Ann Arbor Police Department; Sgt.
Zsenyuk, Individually and as Command Sergeant of the Ann
Arbor Police Department; Steve Johnson, Individually and as
Ann Arbor Police Officer; Joseph Campbell, Individually and
as Staff Sergeant of the Ann Arbor Police Department; Kirk
K. Nissley, Individually and as Washtenaw County Assistant
Prosecutor; Pearlene Sullivan, Individually and as 15th
District Court Deputy Clerk; Elizabeth Pollard,
Individually and as 15th District Court Judge; City of Ann
Arbor, Defendants-Appellees.
 No. 96-1328.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: LIVELY, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 David L. Hunter and Kim D. Winokur, proceeding pro se, appeal three district court orders resolving their claims against several defendants in this civil rights action filed under 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiffs sued a Michigan state judge, a former county assistant prosecutor, a state district court clerk, the City of Ann Arbor, the County of Washtenaw, and a number of Ann Arbor police officers, claiming that these defendants, individually and in conspiracy, denied them their constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments. Specifically, the plaintiffs claimed that the named police officers unconstitutionally entered Winokur's residence and arrested Hunter without a valid search warrant. Hunter and Winokur sued the individual persons named in the complaint in their individual and official capacities, and requested monetary damages.
 
 
 3
 The court granted motions to dismiss filed by defendants Nissley and Pollard, because these defendants were protected from suit under the doctrines of judicial and prosecutorial immunity. The court disposed of the remaining claims when it granted summary judgment in favor of the other eleven defendants and denied reconsideration of that decision. The district court dismissed Washtenaw County as a defendant, by the parties' stipulation, and the county is not a party on appeal.
 
 
 4
 The plaintiffs ask this court to review the following issues: 1) whether defendant Pollard is entitled to absolute judicial immunity; 2) whether defendant Nissley is entitled to prosecutorial immunity; 3) whether the district court improperly denied the plaintiffs the right to amend their complaint; 4) whether the police officers and the clerk of the state district court were entitled to qualified immunity; and 5) whether the City of Ann Arbor failed to establish an adequate and constitutionally acceptable policy for executing searches and seizures, thereby exposing the city to liability under § 1983.
 
 
 5
 Upon review, this court concludes that defendants Pollard and Nissley are entitled to immunity from this damages suit, for the reasons stated by the district court. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam); Wayte v. United States, 470 U.S. 598, 608 (1985); Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Mann v. Conlin, 22 F.3d 100, 103 (6th Cir.), cert. denied, 115 S.Ct. 193 (1994); Pusey v. City of Youngstown, 11 F.3d 652, 657-58 (6th Cir.1993), cert. denied, 114 S.Ct. 2742 (1994). Contrary to the plaintiffs' argument, Judge Pollard could authorize a search warrant to be executed outside the county of issuance, and the judge could do so through electronic communication with police officers, to bring plaintiff Hunter to justice in the state courts. Mich.Comp.Law. §§ 600.8317 and 780.651; People v. Fiorillo, 491 N.W.2d 281, 282 (Mich.App.1992). Likewise, the district court properly rejected Hunter's claim that he was denied an opportunity to amend his complaint, because there is nothing in the record to show that Hunter or Winokur moved the district court to amend the complaint and nothing in the transcripts indicating that the court had refused such a request. Song v. City of Elyria, Ohio, 985 F.2d 840, 842-43 (6th Cir.1993).
 
 
 6
 The district court properly granted the police officers' motion for summary judgment, because these defendants met their burden of showing that there is no genuine issue of material fact and that they were, therefore, entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Johnson v. United States Postal Serv., 64 F.3d 233, 236 (6th Cir.1995). These officers were entitled to qualified immunity because they could have reasonably believed their conduct was lawful, in light of clearly established law and the information they possessed at the time of the search and arrest. Pray v. City of Sandusky, 49 F.3d 1154, 1158 (6th Cir.1995). See also Hunter v. Bryant, 502 U.S. 224, 229 (1991) (the court held that the qualified immunity doctrine protects "all but the plainly incompetent or those who knowingly violate the law"). Moreover, under Payton v. New York, 445 U.S. 573, 603 (1980), a search warrant of the home was actually unnecessary, for Fourth Amendment purposes.
 
 
 7
 Winokur's claim that the officers' conduct did not conform to state law does not state a constitutional violation under § 1983. Elder v. Holloway, 510 U.S. 510, 515 (1994). The district court also properly granted summary judgment in favor of defendant Sullivan, for the reasons stated by the district court.
 
 
 8
 The City of Ann Arbor was not subject to liability in this § 1983 suit, because the plaintiffs did not establish that the city inadequately trained its police officers, or that any failure to train amounted to deliberate indifference to the rights of persons with whom the police came into contact. City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir.1994). Further, the plaintiffs did not establish that any inadequate training was closely related to or actually caused an injury. Matthews, 35 F.3d at 1049.
 
 
 9
 Finally, the district court did not abuse its discretion when it dismissed the plaintiffs' supplemental state law claims, after all federal claims were found to be without merit. 28 U.S.C. § 1367, Hankins v. The Gap, Inc., 84 F.3d 797, 802-03 (6th Cir.1996).
 
 
 10
 Accordingly, the district court's orders are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.