**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0673n.06
Filed: September 6, 2006

**No. 05-6109**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ALLSTATE INSURANCE COMPANY, as )
Subrogee of James Lindsey, deceased, )
)
    Plaintiff-Appellant, )
)
v. )  ON APPEAL FROM THE UNITED
)  STATES DISTRICT COURT FOR THE
LG&E ENERGY, LLC, )  EASTERN DISTRICT OF KENTUCKY
)
    Defendant-Appellee. )

Before: RYAN and COOK, Circuit Judges; and GWIN, District Judge.*

COOK, Circuit Judge. Plaintiff Allstate Insurance Company ("Allstate") appeals from the district court's order dismissing Allstate's complaint against Defendant LG&E Energy, LLC ("LG&E"). We affirm.

Over three years ago, as the result of a severe ice storm, debris fell on James Lindsey's property in Lexington, Kentucky, causing the power to his home to go out. When the power was restored, Lindsey's home caught fire due to the unrepaired storm-damage to his home's electrical system. Lindsey filed a claim with Allstate, his property insurer, and Allstate paid almost $300,000

---

*The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

to Lindsey. Allstate, as subrogee of Lindsey, then filed a complaint against LG&E, whom it figured

to be Lindsey's electric company, claiming that LG&E's negligence caused the damage to Lindsey's

property and seeking damages for the amount it paid to Lindsey.

On May 20, 2005, LG&E both answered Allstate's complaint and filed a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6), attaching an affidavit from John P. Fendig (the "Fendig

affidavit"), a senior corporate attorney for LG&E, to its motion to dismiss. Fendig's affidavit denied

a role in the accident as follows:

> [A]t no time during the ice storm . . . , or at any other time, has LG&E Energy LLC
> provided any electrical power in Fayette County, Kentucky; owned any transmission
> or distribution system for electricity in Fayette County; had its employees inspect
> properties in Fayette County, Kentucky, or caused electrical power to be restored to
> any properties in Lexington, Fayette County, Kentucky.

Allstate did not respond to LG&E's motion. Instead, some twenty-seven days later, Allstate filed

a motion for leave to file an amended complaint that proposed adding Kentucky Utilities ("KU") as

a defendant with a count of negligence against KU based "[u]pon information and belief, [that KU]

is a wholly owned subsidiary of LG&E Energy." The following day, the district court granted

LG&E's motion to dismiss and denied all pending motions as moot.

Three weeks later, Allstate filed a "Motion for Relief from the Court's Order Granting

Defendant's Motion to Dismiss," pursuant to Fed. R. Civ. P. 60(b)(1), arguing that excusable neglect

of counsel caused its failure to respond to LG&E's motion. But the district court never considered

the merits of the excusable-neglect claim because just three days into the pendency of the Rule 60(b) motion, Allstate appealed the dismissal order, thereby depriving the court of further jurisdiction. Accordingly, the district court dismissed the Rule 60(b) motion. Allstate appeals only from the order dismissing its complaint.

*Summary Judgment Rather than 12(b) Dismissal*

Given its reliance on the Fendig affidavit in dismissing the complaint, the district court necessarily "treated [the motion] as one for summary judgment and disposed of [it] as provided in Rule 56." Fed. R. Civ. P. 12(b). We thus review the dismissal de novo, asking whether Allstate's undefended complaint should have withstood LG&E's motion. *Brannam v. Huntington Mortgage Co.*, 287 F.3d 601, 603 (6th Cir. 2002). We take each of Allstate's arguments in turn, evaluating whether any establishes a genuine issue of material fact for trial.

*Allstate's Reasons Supporting Reversal of Summary Judgment*

Allstate's opening brief's first argument concedes "that the issues raised in its Motion to Amend and supporting Memorandum were better suited to a Response" to LG&E's dismissal motion, and further concedes "that a Response . . . was not filed within the 15-day period allowed by [the local court rule]." Allstate goes on to urge that we nevertheless find its excusable neglect warrants reversal and remand for trial. The issue of excusable neglect in this case was cognizable in the context of Fed. R. Civ. P. 60(b)(1). But because the district court never considered the

60(b)(1) issue—whether Allstate's failure to respond to LG&E's dismissal motion resulted from excusable neglect—this court will not consider it in the first instance. As we have said, the court "will not address issues on appeal that were not raised and ruled upon below," *United States v. $100,375.00 in U. S. Currency*, 70 F.3d 438, 441 (6th Cir. 1995) (quotation omitted), except in exceptional circumstances not presented here. And it was Allstate that deprived the district court of jurisdiction to rule on the 60(b) motion by filing a notice of appeal from the underlying order during the pendency of the 60(b) motion. *See SEC v. Johnston*, 143 F.3d 260, 263 (6th Cir. 1998) (holding that a district court does not retain jurisdiction to rule on a Rule 60(b) motion if a notice of appeal from the underlying order is filed before the court rules on the motion).

Allstate next argues for reversal on the strength of its complaint, saying that its "original Complaint properly pled negligence against LG&E." The reply brief echoes this point, pointing to the district court's error in not accepting Allstate's "well-pled allegations . . . as true," the 12(b)(6) standard. As we discussed above, however, the district court disposed of LG&E's motion under Rule 56 standards, not Rule 12(b)(6) standards. So this argument fails to account for the import of the Fendig affidavit in the court's summary judgment decision.

Allstate's brief goes on to criticize aspects of the district court's opinion but in each case fails to tie the claimed deficiency to a theory entitling it to reversal. Specifically, Allstate laments that "[i]t does not appear that the [district] court considered any of Allstate's pleadings," but offers no further elaboration or reasoning either proving the point or even explaining how the proposition

should move this court to reverse. Because Allstate failed to develop this argument in any meaningful way, it is deemed waived. *See United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quotation omitted)).

Second, Allstate claims that "it does not appear that the District Court considered LG&E's Answer . . . contradict[ing] [LG&E's] assertions . . . in [its] Motion to Dismiss." Allstate supports this statement with a citation to two numbered paragraphs of LG&E's answer, leaving it to the court to attempt to discern the alleged contradiction. None is apparent. Allstate makes no attempt to develop this argument any further.

Third, Allstate contends the district court erred in "finding the [Fendig] Affidavit . . . was conclusive" because "the correspondence from LG&E's agent/representative and information from LG&E's website further refutes LG&E's affidavit." But the documents Allstate points to were submitted to the court as attachments to Allstate's motion to amend—a motion unrelated to LG&E's motion to dismiss—and Allstate concedes that it should have filed a response instead. Allstate cites no authority for the proposition that the district court erred by not considering these attachments. And even if Allstate had attached these documents to a properly filed response, Rule 56(c) requires the district court to consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Allstate does not explain how its attachments qualify under any of these categories.

Upon de novo review we hold that the district court properly applied Rule 56 in dismissing the complaint. Through the Fendig affidavit, LG&E satisfied its initial burden of demonstrating the absence of a genuine issue of material fact, and Allstate failed to respond with sufficient evidence in support of its claim. *See Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993); Fed. R. Civ. P. 56(e).

*Waiver of Notice Argument*

We note that the district court failed to notify Allstate of its intention to "treat [LG&E's motion] as one for summary judgment" by considering "matters outside the pleading" or to give Allstate "a reasonable opportunity to present all material made pertinent" by Rule 56 as required by Fed. R. Civ. P. 12(b). But the failure of the court to provide such notice is not the type of error a reviewing court must raise sua sponte. *See Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984) ("[A] district court must afford the party . . . ten-days notice and an adequate opportunity to respond. . . . *The party against whom sua sponte summary judgment has improperly been entered must, however, demonstrate prejudice in order to obtain relief on appeal.*" (emphasis added)); *see also Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998) ("Whether notice . . . to the opposing party is necessary depends upon the facts and circumstances of each case. . . . Where one party is likely to be surprised by the proceedings, notice is required.").

- 6 -

No. 05-6109
*Allstate v. LG&E*

Allstate raises no argument other than those set forth above. It never argues error in the failure to give notice. It does not argue surprise—nor could it, as LG&E's motion to dismiss itself noted the likely need for the court to convert the motion to one for summary judgment in light of the submitted Fendig affidavit. Nor does Allstate argue that the absence of notice prevented it from presenting all of its evidence. Instead, Allstate admits that it failed to timely respond due to its own excusable neglect. And to compound the error, Allstate short-circuited the avenue available for avoiding the consequences of this neglect when it noticed an appeal during the pendency of the Rule 60(b) motion. In any event, Allstate's failure to present a "lack-of-notice" argument in its appellate brief waives appellate review of the issue. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir. 1997).

We affirm.

Gwin, District Judge, dissenting,

Disagreeing with the majority's disposition of this case, I dissent. Though the Plaintiff failed to raise the waiver of notice argument on appeal, I would reverse the district court's order dismissing Allstate's complaint because the district court failed to provide any notice to the parties that it would treat LG&E's motion to dismiss as a motion for summary judgment. Under our clear precedent, such notice was absolutely required before the district court could convert the motion to dismiss to a motion for summary judgment.

The majority makes much of the Plaintiff's failure to timely respond to the Defendant's motion to dismiss. However, a district court cannot dismiss a plaintiff's complaint solely because the plaintiff fails to respond to a Rule 12(b)(6) motion to dismiss. *See Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir. 1991); *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006) ("the district court erroneously placed the burden on Plaintiffs to demonstrate that they stated a claim for relief . . . the moving party bears the burden of demonstrating that the plaintiff failed to state a claim."). Whether or not the plaintiff responds, the district court's task remains the same – it cannot dismiss the complaint unless it "conclude[s] 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id*. (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

Moreover, a district court may not dismiss a complaint for failure to state a claim based on a disbelief of the complaint's factual allegations. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356,

360 (6th Cir. 2001); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.1995). Instead, the court must accept all of the complaint's factual allegations as true when determining whether those allegations form a claim. *Smith v. City of Salem*, 378 F.3d 566, 568 (6th Cir. 2004).

Occasionally, such as occurred in the instant case, on a Rule 12(b)(6) motion to dismiss, a defendant may challenge the factual allegations of a complaint with extrinsic evidence. Federal Rule of Civil Procedure 12(b) provides that under such circumstances, a court may consider matters "outside the pleadings." However, in the event the court decides to consider such matters, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and *all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56*." Fed. R. Civ. P. 12(b) (emphasis added).

In *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995), we held that where a district court intends to consider materials outside the pleadings, the district court has the duty to provide the plaintiff with notice and a reasonable opportunity to respond. This procedural safeguard prevents the risk of prejudicial surprise. *Harrington v. Painter*, No. 03-5675, 2003 WL 23156645 (6th Cir. Dec. 18, 2003). Accordingly, failure to comply with the notice requirement set forth in Rule 12(b) is reversible error. *See Briggs*, 61 F.3d at 493; *Helwig v. Vencor, Inc.*, 251 F.3d 540, 552 (6th Cir. 2001) ("Rule 12 authorizes such a conversion but mandates that parties be given an opportunity to submit materials to support or oppose summary judgment."). *See also* 27A Fed.

Proc., L. Ed. § 62:629 ("[A] court which converts the motion to a motion for summary judgment under [Rule] 56 must comply with the notice and hearing requirements of [Rule] 56. This is true . . . where the court otherwise considers matters outside the pleadings. Thus, as a general rule, notice must be given to each party that the status of the action is now changed, and the parties must be given a reasonable opportunity to present legal and factual material in support of or in opposition to the motion for summary judgment.") (citations omitted). "We have underscored this requirement of 'unequivocal notice' on numerous occasions." *Helwig*, 251 F.3d at 552.

The rule requiring notice of a court's intention to convert a Rule 12(b)(6) motion to a motion for summary judgment is only fair. Under Rule 56, Defendant-Appellee LG&E Energy had every ability to clearly seek summary judgment and to rely upon evidence extraneous to the pleadings. It did not do this. Instead, LG&E Energy attached impermissible extraneous evidence to its Rule 12(b)(6) motion to dismiss. Allstate could reasonably believe, absent notice to the contrary, that the district court would simply disregard the evidence dehors the pleadings. Unless the court gives clear notice that it will consider evidence outside the pleadings, the summary judgment cannot stand.

In the instant case, the district court provided no notice to the Plaintiff that it would treat the Defendant's motion to dismiss the case under Rule 12(b)(6) as a motion for summary judgment. The Defendant did suggest in its motion to dismiss that conversion of the motion was possible. However, I find that the Plaintiff lacked fair notice and no opportunity to seek an opportunity under Rule 56(f) to obtain discovery and submit evidence in opposition to the Defendant's motion. Even if the

Plaintiff had been fully aware of the possibility that the Court would consider the motion as one for summary judgment, the Plaintiff had almost no time to conduct discovery and respond – the Court granted the Defendant's motion to dismiss less than a month after it was filed.

Moreover, judging from the documents that Allstate attached to its motion to amend its complaint, I believe that, given the opportunity, the Plaintiff could have presented evidence of Defendant LE&G's possible involvement with the events in question. For example, when it filed its motion to amend its complaint, the Plaintiff attached maps taken from LG&E's website, showing that either LG&E or Kentucky Utilities provides electricity to Fayette County.

Allstate additionally included two letters that it received from LG&E's insurer, Risk Management Services Corporation ("Risk Management"). In the first letter, dated April 1, 2003, Risk Management refers to LG&E and Kentucky Utilities as a unit, stating that it would "be handling this claim on behalf of LG&E/Kentucky Utilities." (J.A. at 42). In the second letter, dated September 29, 2003, Risk Management once again refers to its client as "Kentucky Utilities (LG&E Energy)." Furthermore, this letter admits that Kentucky Utilities performed work in Fayette County after the storm: "In response to the storm, KU began immediate repairs to the power system before the storm even ended. To make restoration possible, KU had its personnel walk along KU's lines to find damage." (J.A. at 43). While LG&E denied liability in these letters, it at no point claimed that it was not a proper party.

We have consistently required district courts provide notice to the parties prior to converting a motion to dismiss into a motion for summary judgment. Allstate was entitled to rely on that rule and had no duty to independently submit evidence in response to Fending's affidavit absent notice that the district court would consider matters outside the pleadings. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993) ("When a party moves to dismiss an action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, both sides proceed with the expectation that the court will decide the motion on the basis of the pleadings alone unless the court notifies them otherwise."). Therefore, I would hold that the district court's failure to provide such notice and an opportunity to respond amounts to reversible error.