Lou J. BRIGGS; Citizens for Lou Briggs, Plaintiffs–Appellants,

v.

OHIO ELECTIONS COMMISSION; Judith D. Moss; Michael H. Igoe; George A. Leonard; Alphonse P. Cincione, Defendants–Appellees.

No. 94–3513.

United States Court of Appeals, Sixth Circuit.

Argued May 26, 1995.

Decided Aug. 7, 1995.

---

Donald J. McTigue (argued and briefed), McTigue & Brooks, Columbus, OH, for plaintiffs-appellants.

Andrew S. Bergman (argued and briefed), Office of the Atty. Gen., Andrew I. Sutter, Asst. Atty. Gen., Columbus, OH, for defendants-appellees.

Before: JONES, GUY, and BOGGS, Circuit Judges.

BOGGS, Circuit Judge.

Lou Briggs, and her campaign committee, Citizens for Lou Briggs, appeal the district court's dismissal of her First and Fourteenth Amendment claims against the Ohio Elections Commission (Commission). We find that her case was improperly dismissed, and we reverse.

I

Lou Briggs ran unsuccessfully for the office of Ohio State Representative for the 28th District, in the November 3, 1992 general election. She paid for a billboard that stated:

Lou

Briggs

State Representative

Strong New Leadership

Her opponent, Edward Thomas, filed a complaint with the Ohio Elections Commission, alleging that Briggs violated Ohio Rev.Code § 3599.091(B)(1), which prohibits a candidate from using a title of an office not currently held by the candidate "in a manner that implies that the candidate does currently hold that office, or us[ing] the term 're-elect' when the candidate has never been elected...."[1]

Before the Commission met on the matter, Briggs lost the election. The Commission sent Briggs a notice dated November 13, 1992, stating that a complaint had been filed against her, and setting the date for a preliminary review for December 14, 1992. Briggs responded with a motion to dismiss, or in the alternative to find no violation. Briggs requested the Commission find that

---

1. The relevant portion of the statute reads:

(B) No person, during the course of any campaign for nomination or election to public office ... by means of campaign materials ... shall knowingly and with intent to affect the outcome of such campaign do any of the following:

(1) Use the title of an office not currently held by a candidate in a manner that implies that the candidate does currently hold that office or use the term "re-elect" when the candidate has never been elected at a primary, general, or special election to the office for which he is a candidate[.]
Section 3599.091(B).

she had not violated the statute, because although the billboard did not say "*for* State Representative," the sentence "strong new leadership" "clearly reflect[s] that Ms. Briggs is not the incumbent." Motion, J.A. at 22–23. Briggs also alleged that the statute violated the First Amendment.

The Commission found Briggs guilty of violating the statute at the preliminary review hearing, but also found good cause not to impose a fine or refer the matter for prosecution. However, the Commission's notice to Briggs also stated that "[a] record of the violation in this case is maintained by the Commission. In the event Lou Briggs or her committee are referred again to the Commission for a similar violation, it shall take into consideration the prior violation."

Briggs filed this suit against the Commission, arguing that the statute facially violated the First Amendment, and as applied to her also violated her First Amendment rights. She argued that the statute allows the Commission to find a violation based upon the "implication" of a statement rather than "a statement of fact," and failed to set forth sufficient standards for determining what statements are prohibited. She also argued that the Commission did not have before it clear and convincing evidence that she had violated the provision, because the billboard did not use the title "State Representative" "in a manner that implies that she does hold such office."

Briggs also argued that the enforcement of § 3599.091(B)(1) violated her due process rights under the Fifth and Fourteenth Amendments because the statute does not provide for judicial review over the Commission's determination. She claimed that the Commission also violated her due process rights by not providing notice to her committee of the charges. Finally, she claimed that this statute violated several independent sections of the Ohio Constitution: Article I, §§ 2, 11 and 16.[2] As remedies, she sought a declaration that the billboard did not use the title State Representative in a way that implied that she held the position, an injunction ordering the Commission to vacate its violation, fees, and costs.

Defendants moved for dismissal under Fed.R.Civ.P. 12(b)(6). The district court granted their motion with prejudice. It found that Briggs had not stated a claim that the regulation was unconstitutional either facially or as applied to Briggs. The district court relied on this court's opinion in *Pestrak v. Ohio Elections Comm'n*, 926 F.2d 573 (6th Cir.), *cert. dismissed*, 502 U.S. 1022, 112 S.Ct. 672, 116 L.Ed.2d 763 (1991). In that opinion, we reserved judgment on whether § 3599.091(B)(1), the statute at issue here, was constitutional, though we noted that it might allow for the prosecution of a candidate based on the *implication* of his speech, when the speech was not "knowingly false" or made with "reckless disregard of the truth." *Id.* at 577 n. 2 (citing *Garrison v. Louisiana*, 379 U.S. 64, 75, 85 S.Ct. 209, 216, 13 L.Ed.2d 125 (1964)).

Nevertheless, the district court here upheld the constitutionality of § 3599.091(B)(1) by finding a compelling state interest in "preserving the integrity of the election process." "It is natural for the electorate to be suspicious of any statement made by a candidate or that candidate's opponent, thus it is left to the Commission to play the neutral role of policing the information put forth by political candidates so that their campaign materials meet certain minimum standards." Opinion, J.A. at 37. The court determined that the

---

2. Ohio Const. art. I, § 2 reads:
 Equal protection and benefit
 All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the General Assembly.
 Section 11 reads:
 Freedom of speech

Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press.
 Section 16 reads:
 Redress for injury; due process
 All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.

statute was neither vague nor overbroad because a person of ordinary intelligence would understand what conduct was being regulated. Thus, the district court found that the statute was facially constitutional and constitutional as applied to Briggs.

The district court found that Briggs failed also to state a claim that the Commission's actions violated Briggs's due process rights, because the Commission was making a factual finding as part of its "truth-declaring" function, which was not legally binding. The district court interpreted *Pestrak* to hold that the Commission's "truth-declaring" activities (such as here, where the Commission stated that Briggs had violated the statute) and its recommendations for prosecution need not be reviewable by a court. Opinion, J.A. at 40 (citing *Pestrak*, 926 F.2d at 578–79). Likewise, "when agencies engage in a truth-declaring function they need not find a clear and convincing standard of evidence." Opinion, J.A. at 41 (citing *Pestrak*, 926 F.2d at 579).

The district court also dismissed Briggs's due process argument regarding her committee's lack of notice, since Briggs and her committee's treasurer both received actual notice.[3] The court also found that Ohio free-speech guarantees are not broader than those in the federal Constitution, and thus dismissed her state law claims on these grounds. Opinion, J.A. at 42, citing *State ex rel. Rear Door Bookstore v. Tenth District Court of Appeals*, 63 Ohio St.3d 354, 588 N.E.2d 116, 123–24 (1992).

## II

We must first determine whether Briggs has presented the courts with a justiciable claim. "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982). Because the Commission declared Briggs in violation of Ohio law, without penalizing her for that violation, this case raises questions regarding Briggs's standing, and whether her claim is moot or sufficiently ripe for review.

### A. Standing

 We initially examine whether Briggs suffered a constitutionally cognizable injury so as to have standing to bring this claim. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Standing requires three elements: (1) "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally-protected interest which is (a) concrete and particularized ... and (b) 'actual or imminent, not "conjectural" or "hypothetical"'" (2) "there must be a causal connection between the injury and the conduct complained of," and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560–61, 112 S.Ct. at 2136 (citations omitted). Our jurisdiction depends upon finding that Briggs "has suffered 'some threatened or actual injury resulting from the putatively illegal action....'" *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)(quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973)).

 Here, the Commission found that Briggs's billboard implied that she was already serving as a State Representative. It did not recommend prosecution, and it did not impose a fine. Briggs's violation will become "part of her record" with the Ohio Elections Commission, and the Commission "shall" consider her violation (presumably to her detriment) if another complaint is filed against her. Briggs informs us that she contemplates running for state office in the future.

In *Pestrak*, we indicated that the Commission's ability to recommend prosecution, and its "truth-declaring" functions, could not infringe upon a candidate's First Amendment

---

3. The Commission conceded before this court that Briggs's committee was improperly included in its findings. Commission Br. at 19.

free speech rights. "To the extent it does nothing more than recommend, then its actions, *per se,* have no official weight and cannot be the cause of a deprivation of constitutional rights." 926 F.2d at 578. We also stated that, when the Commission announces its finding that a campaign allegation is true or untrue, "the fact remains that the statements and findings of the Commission fall exactly within the tenet that 'the usual cure for false speech is more speech.' " *Id.* at 579.

When considering Briggs's standing to bring a First Amendment challenge, however, we note that Briggs does not bear a heavy burden to "demonstrate 'a claim of specific present objective harm or a threat of specific future harm.' " *Meese v. Keene,* 481 U.S. 465, 107 S.Ct. 1862, 95 L.Ed.2d 415 (1987)(quoting *Laird v. Tatum,* 408 U.S. 1, 14, 92 S.Ct. 2318, 2326, 33 L.Ed.2d 154 (1972)). " 'While it is clear that abstract injury is not enough to establish standing ... it is equally clear that actual harm to individual values of an abstract or esoteric nature can provide the basis for standing.' So, in a variety of settings, standing is often found to protect interests in the electoral process, various First Amendment values, and other intangible rights." Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 13 *Federal Practice and Procedure,* § 3531.4 at 427–28 (1984)(quoting *O'Hair v. White,* 675 F.2d 680, 687 (5th Cir.1982)). "In the context of threats to the right of free expression, courts justifiably often lessen standing requirements." *American Booksellers Ass'n v. Virginia,* 792 F.2d 1261, 1264 n. 4 (4th Cir.1986).

We find that the Commission's promise to consider Briggs's violation, if subsequent complaints come before it, poses a cognizable threat of injury. In dicta in *Lujan,* the Court noted that when "the plaintiff is himself an object of the action ... at issue ... there is ordinarily little question that the action ... has caused him injury...." 504 U.S. at 561–62, 112 S.Ct. at 2137. "[T]he

threat of enforcement must be specific and direct and against a particular party ... [i]t is not necessary, however, that an individual first be exposed to prosecution in order to have standing to challenge a statute which is claimed to deter the exercise of constitutional rights." *Doe v. University of Michigan,* 721 F.Supp. 852, 859 (E.D.Mich.1989)(citing *Houston v. Hill,* 482 U.S. 451, 459 n. 7, 107 S.Ct. 2502, 2508 n. 7, 96 L.Ed.2d 398 (1987) and *Doe v. Bolton,* 410 U.S. 179, 188, 93 S.Ct. 739, 745–46, 35 L.Ed.2d 201 (1973)).[4]

We determine that Briggs has standing to raise her claim, even though the Commission has done no more than find that she violated the Act, and stated that the violation shall be used in a future investigation. Briggs plans to run again for Ohio state office, and the Commission's policy of using its findings to evaluate future complaints presents a sufficient future threat of injury to convey standing.

The second and third parts of the standing test are easily met by the facts in this case. The Commission's actions caused the injury to Briggs, so the causation element is satisfied, and her injury is "likely" "redressed by a favorable decision" in this case. *Lujan,* 504 U.S. at 560–61, 112 S.Ct. at 2136.

### B. Mootness

■ Under Article III, we "may only adjudicate actual, ongoing controversies." *Honig v. Doe,* 484 U.S. 305, 317, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988). Here, the Commission found Briggs in violation of Ohio's elections laws, and determined it would not recommend prosecution. This would appear to end the controversy. However, we can exercise jurisdiction over claims when the state action at issue is capable of repetition, but yet in the instant matter evades review. *Id.* at 318, 108 S.Ct. at 601.

■ We find that Briggs's claim is not moot. She has stated she plans to run for

---

4. Contrast Briggs's case with that of the plaintiff in *Rosenthal v. Justices of the Supreme Court of California,* 910 F.2d 561, 565 (9th Cir.1990). In that case, the plaintiff challenged a rule that allowed the admission of documents from other disciplinary hearings in California disbarment proceedings. However, Rosenthal had not been the subject of such a hearing, and thus could not be injured by the possible admission of such documents. That court determined that Rosenthal failed to show "injury in fact" from the application of the challenged law, and found that he lacked standing. *Ibid.*

state office again, and the Commission has stated that it shall consider its finding against Briggs if a subsequent complaint is made against her. Briggs faces a reasonable likelihood that she will again suffer the injury that gave rise to this suit.

### C. Ripeness

■ This court is also obliged under Article III to limit its jurisdiction to ripe cases, to avoid issuing advisory opinions based upon hypothetical situations. *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969). We find that this case is ripe for review. *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209, 1215–16, 39 L.Ed.2d 505 (1974). The Court in *Steffel* determined that the reasonable threat of prosecution for conduct the plaintiff alleges is protected by the Constitution will give rise to a sufficiently ripe controversy. Briggs was threatened with prosecution in that the Commission found that she violated § 3599.091(B)(1), but in its discretion chose not to recommend prosecution. We have before us a well-developed record "sufficient to present the constitutional issues in a 'clean-cut and concrete form.'" *Renne v. Geary,* 501 U.S. 312, 322, 111 S.Ct. 2331, 2339, 115 L.Ed.2d 288 (1991)(quoting *Rescue Army v. Municipal Court of Los Angeles,* 331 U.S. 549, 584, 67 S.Ct. 1409, 1427, 91 L.Ed. 1666 (1947)). The Commission's interpretation of Ohio law, with its power to recommend prosecution, hangs over Briggs "like the sword over Damocles, creating a 'here-and-now subservience'" to the Commission's arguably unconstitutional application of the statute. *Metropolitan Washington Airports Auth. v. Citizens for the Abatement of Aircraft Noise,* 501 U.S. 252, 265 n. 13, 111 S.Ct. 2298, 2306 n. 13, 115 L.Ed.2d 236 (1991). We therefore find that Briggs's claim is sufficiently ripe for adjudication.

### III

■ This court reviews *de novo* a district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6). *Taxpayers United for Assessment Cuts v. Austin,* 994 F.2d 291, 296 (6th Cir. 1993). We construe Briggs's complaint in the light most favorable to her, accepting all her factual allegations as true, and determine whether she can prove no set of facts that would entitle her to relief. *Broyde v. Gotham Tower, Inc.,* 13 F.3d 994, 996 (6th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2137, 128 L.Ed.2d 866 (1994).

■ On a motion to dismiss under Rule 12(b)(6), the court may consider "matters outside the pleading." However, "the motion shall [then] be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b)(6).

■ We find that the district court went beyond the pleadings, to treat the Commission's Rule 12(b)(6) motion as a motion for summary judgment. The court found that the state had a compelling interest in "preventing misleading communications," yet Ohio's memorandum in support of its motion to dismiss provided no such argument, choosing instead to defend its statute under the balancing test stated in *Burdick v. Takushi,* 504 U.S. 428, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992), and *Anderson v. Celebrezze,* 460 U.S. 780, 789, 103 S.Ct. 1564, 1570, 75 L.Ed.2d 547 (1983).[5] The district court thus drew a conclusion not argued in the pleadings and did not provide Briggs with notice and a reasonable opportunity to show that the Ohio statute failed to withstand strict scrutiny, as Rule 12(b)(6) requires. We therefore reverse the district court's dismissal of Briggs's claim.

---

**5.** These cases set forth the standard for scrutiny of regulations of the voting process, which are subject to a balancing of "the relative interests of the State and the injured [party]." *Anderson v. Celebrezze,* 460 U.S. 780, 789, 103 S.Ct. 1564, 1570, 75 L.Ed.2d 547 (1983)(finding unconstitutional Ohio law requiring independent presidential candidate to meet early filing deadline). As the Court discusses in *McIntyre v. Ohio Elections Comm'n,* —— U.S. ——, ——, 115 S.Ct. 1511, 1518, 131 L.Ed.2d 426 (1995), this standard is inappropriate to evaluate the constitutionality of a statute that burdens rights protected by the First Amendment.

## IV

■ Apart from the district court's erroneous conversion to summary judgment of the Commission's Rule 12(b)(6) motion, we also hold that Briggs's pleadings did state a claim upon which relief could be granted. Briggs argued that the statute violated the First Amendment, both facially and as applied to her; that the Commission did not have before it clear and convincing evidence that she had violated the provision; that the enforcement of § 3599.091(B)(1) violated her due process rights under the Fifth and Fourteenth Amendments because the statute does not provide for judicial review; and that this statute violated independent sections of the Ohio constitution. For her pleading to state a claim, we need find only that at least one of these claims is viable.

■ We hold that Briggs stated a claim that § 3599.091(B)(1), as applied to her, infringes upon her First Amendment rights. Section 3599.091(B)(1) poses no First Amendment difficulty so long as it regulates only false speech made knowing of the falsehood or in reckless disregard for the truth. *Garrison v. Louisiana*, 379 U.S. 64, 75, 85 S.Ct. 209, 216, 13 L.Ed.2d 125 (1964)(holding such speech unprotected by the First Amendment). The district court incorrectly concluded that the Commission could "play the neutral role of policing the information put forth by political candidates so that their campaign materials meet certain minimum standards." In this context, unless campaign speech is false, and made knowing of the falsehood or in reckless disregard for the truth, that speech is protected by the First Amendment, and the state must demonstrate a compelling interest to justify "policing the information." *Burson v. Freeman*, 504 U.S. 191, 198–99, 112 S.Ct. 1846, 1851, 119 L.Ed.2d 5 (1992)(plurality); *id.* at 213, 112 S.Ct. at 1858–59 (Kennedy, J., concurring); *Eu v. San Francisco County Democratic Cent. Comm.*, 489 U.S. 214, 225, 109 S.Ct. 1013, 1021, 103 L.Ed.2d 271 (1989); *Mills v. Alabama*, 384 U.S. 214, 219–20, 86 S.Ct. 1434, 1437, 16 L.Ed.2d 484 (1966).

Section 3599.091(B)(1) regulates speech based upon its *implication,* so it reaches more speech than that declared unprotected in *Garrison.* As applied to Briggs, the statute proscribed a campaign billboard that is subject to different interpretations. Briggs's billboard is not so much false as it is ambiguous. Therefore, at the very least, Briggs stated a valid claim that the statute as applied to her situation reached speech protected by the First Amendment. It was erroneous for the district court to dismiss this claim, for we cannot say that " 'it appears beyond doubt that [Briggs] can prove no set of facts in support of [her] claim which entitle [her] to relief.' " *Broyde*, 13 F.3d at 996 (quoting *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976)). Since we need only find that one of her claims should survive dismissal, we express no opinion about the viability of her other claims.

In conclusion, we REVERSE the district court's dismissal of Briggs's claims under Rule 12(b)(6), and we REMAND this case for further proceedings consistent with this opinion.