ASSOCIATED GENERAL CONTRACTORS OF AMERICA, CENTRAL OHIO DIVISION, Plaintiff,

v.

CITY OF COLUMBUS, et al., Defendants.

No. 99cv502.

United States District Court, S.D. Ohio, Eastern Division.

May 23, 2001.

Kevin Robert McDermott, Schottenstein Zox & Dunn, Columbus, OH, for plaintiff.

Daniel Wilson Drake, Columbus, OH, Keith M. Wiener, Robert S. Highsmith, Jr., Holland & Knight, Atlanta, GA, for defendants.

### OPINION AND ORDER

MARBLEY, District Judge.

## I. INTRODUCTION

This matter is before the Court on the Motions for Summary Judgment filed by the Plaintiff, Associated General Contractors of America, Central Ohio Division and by the Defendants, the City of Columbus, the Mayor, and the Director of the Department of Public Service for the City.[1] Both Motions were filed on March 16, 2001. For the following reasons, the Defendants' Motion for Summary Judgment is **GRANTED,** and the Plaintiff's Motion is **DENIED.**

## II. FACTS AND PROCEDURAL HISTORY

The Plaintiff, Associated General Contractors of America, Central Ohio Division ("AGC") is a non-profit corporate trade association with its principal office located in Columbus, Ohio. On May 25, 1999, the Plaintiff filed a Complaint seeking declaratory and injunctive relief and attorney fees under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1981, 1983 and 1988.

The basis of the Plaintiff's present suit is the City's December 6, 1993 enactment .

1. The Defendants, collectively, will be referred to as the "City" or "City of Columbus." The Mayor, who at the time was Mayor Lashutka, but is now Mayor Coleman, has been sued in his official capacity only. At the time the Complaint was filed, the Director of the Department of Public Service for the City was Richard Hickman; he was sued in his official capacity only.

of the Equal Business Opportunity Code of 1993 for the Sale of Construction Services, Ordinance No. 2546–93 ("1993 EBO Code"). The origins of the controversy, however, stem from the City's enactment of Ordinance # 29–89 on January 23, 1989. AGC initially challenged the 1989 Ordinance in *Associated General Contractors of America v. City of Columbus*, Case No. 89CV936 (S.D.Ohio) (Graham, J.). In that case, on January 25, 1991, the City entered into a consent order which prohibited it from enforcing the 1989 Ordinance. The district court maintained jurisdiction over the case, until "the City of Columbus believes that it has a basis to impose minority or female percentage preferences in the award of prime contracts or subcontracts for the construction then the City of Columbus will petition the Court to modify this Order." On August 12, 1992, the Court entered judgment prohibiting the City from "enacting any percentage preference ordinance without first complying with the terms of the January 25, 1991 order of this Court." *See Associated Gen. Contractors of Am. v. City of Columbus*, 172 F.3d 411, 413 (6th Cir.1999).

On February 17, 1994, the City filed a Motion for Relief from Judge Graham's August 12, 1992 Judgment so that the construction contracts under the 1993 EBO Code might become effective. AGC opposed the Motion. The City's Motion was heard in May of 1995. On August 26, 1996, the court denied the City's Motion. The court ultimately held that the 1993 EBO Code was unconstitutional and entered judgment for AGC on August 27, 1996. *Associated Gen. Contractors of Am. v. City of Columbus*, 936 F.Supp. 1363 (S.D.Ohio 1996), *vacated and remanded*, 172 F.3d 411 (6th Cir.1999).

On appeal, the Sixth Circuit found on March 26, 1999, that the district court lacked jurisdiction over the matter as no case or controversy existed. *Associated Gen. Contractors of America v. City of Columbus*, 172 F.3d 411, 421 (6th Cir. 1999). The Sixth Circuit vacated the decision and remanded it with instructions to dismiss the case. *Id.* at 422.

The Plaintiff filed the present case on May 25, 1999. This matter is before the Court on the cross Motions for Summary Judgment filed by the parties.

### III. STANDARD OF REVIEW

 In reviewing cross motions for summary judgment, courts should "evaluate each motion on its own merits and view all facts and inferences in the light more favorable to the non-moving party." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir.1994). Significantly, "[t]he filing of cross-motions for summary judgment does not necessarily mean that the parties consent to resolution of the case on the existing record or that the district court is free to treat the case as if it was submitted for final resolution on a stipulated record." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991) (citing *John v. State of La. (Bd. of Tr. for State Coll. & Univ.)*, 757 F.2d 698, 705 (5th Cir.1985)).

 The standard of review for cross motions for summary judgment does not differ from the standard applied when a motion is filed by one party to the litigation. *Taft Broad.*, 929 F.2d at 248. Summary judgment is therefore appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support

an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir.1993). In response, the nonmoving party must present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir.1993). "[S]ummary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

## IV. ANALYSIS

The Defendants argue in their Motion that there is no justiciable case or controversy, that the Plaintiff lacks standing, and that the Plaintiff is seeking an impermissible advisory opinion; therefore, the Defendants contend, this Court lacks jurisdiction over the present case. Additionally, the Defendants argue that the claims are not ripe for review since the Plaintiff has not demonstrated any real or imminent threat of immediate harm, injury or hardship. The Plaintiff argues that the 1993 EBO Code is presently the law in the City of Columbus which became effective once the Sixth Circuit "rendered invalid" the 1991 Agreed Order between the parties.

Before reaching the merits of this case, this Court will decide whether the present case is properly before this Court, that is, whether this Court has jurisdiction. In deciding the jurisdictional issue, the Court will first determine whether the Plaintiff has standing to bring suit. Part of this determination will involve the assessment of whether the issues presently before the Court are ripe for review, and whether the issuance of an opinion would be merely advisory.

Article III of the United States Constitution restricts this Court's jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. The case or controversy requirement also has been referred to as justiciability, which is comprised of several overlapping doctrines including standing, mootness and ripeness. *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). The Supreme Court has found that "no justiciable controversy is presented when the parties seek adjudication of only a political question, when the parties are asking for an advisory opinion, when the question sought to be adjudicated has been mooted by subsequent developments, and when there is no standing to maintain the action." *Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). The doctrines of standing, ripeness and mootness are based in the separation of powers and "relate in part, and in different though overlapping ways, to an idea, which is more than an intuition but less than a rigorous and explicit theory, about the constitutional and prudential powers of an unelected, unrepresentative judiciary in our kind of government." *Id.* (citation omitted).

### A. Standing

■ The "standing" aspect of justiciability is present when there is: "(1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) a likelihood that the injury will be addressed by a favorable decision." *United Food & Commercial Workers Union Local 751 v. Brown Group*, 517 U.S.

544, 551, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996); *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In this case, the Court finds that the Plaintiff lacks standing because there has been no injury in fact alleged.

The Plaintiff's sole argument on whether it has sustained an injury in fact is as follows: "the racial and gender requirements of the 1993 EBO Code have the effect of preventing AGC's members, who regularly bid upon public works contracts and subcontracts, from doing so on an equal basis." Absent from the Plaintiff's representations is an identifiable party who was, in fact, injured by the purported enactment of the 1993 EBO Code. A fair reading of Plaintiff's Response and Motion demonstrate the speculative nature of the injury alleged: "[a]n ordinance is legally effective with or without enforcement and *can* impact parties *even when not being enforced* on a daily basis." (emphasis added). In its Response, the Plaintiff stated: "The racial and gender requirements of the 1993 EBO Code negatively impact AGC's members, who regularly bid upon public works contracts and subcontracts." The Plaintiff's representations simply lack an identifiable injury in fact.

The Plaintiff does not describe when the "negative impact" occurred, to whom it occurred, or which bids on public works contracts were adversely affected by it. There is no affirmative assertion on the part of the Plaintiff that the ordinance has been enforced, or that the parties *were* impacted by its enforcement. The Court therefore concludes that the Plaintiff lacks standing to bring suit as this time.

Furthermore, the Plaintiff rested on its pleadings in support of its Motion and in Response to the Defendant's Motion. Federal Rule of Civil Procedure 56(e) provides: "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings .... the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fᴇᴅ.R.Cɪᴠ.P. 56(c). The Sixth Circuit has found that "[w]here the movant brings forward and supports his motion for summary judgment, his opponent may not rest merely upon his pleadings but rather must come forward to show genuine issues of fact." *Bryant v. Kentucky,* 490 F.2d 1273, 1275 (6th Cir. 1974); *see also Gerber v. Silver Recovery Sys.,* 729 F.2d 1461 (6th Cir.1984); *Spells v. Cuyahoga Cmty. Coll.,* 889 F.Supp. 1023, 1026 (N.D.Ohio 1994).

Here, the Plaintiff has rested on the same allegations as in its original Complaint and has not come forward with additional evidence, such as affidavits from individuals who bid on contracts, but were not awarded them. In fact, the Plaintiff's language in its Motion is *identical* to that in its Response. In its Complaint, the Plaintiff alleges in paragraph 22: "The racial and gender requirements that the Defendants have imposed have the effect of preventing AGC's members, who regularly bid upon public works contracts and subcontracts, from doing so on an equal basis." In its Motion for Summary Judgment, the Plaintiff again states: "Accordingly, the racial and gender requirements of the 1993 EBO Code have the effect of preventing AGC's members, who regularly bid upon public works contracts and subcontracts, from doing so on an equal basis." This is a prime example of resting on the pleadings and of failing to "set forth specific facts."

The Court, therefore, finds that the Plaintiff does not have standing to bring suit and consequently has not satisfied Article III's jurisdictional requirements.

## B. Ripeness

The Defendants next contend that this case is not ripe for review. "Ripeness is a question of timing ... [which] dictates that courts should decide only existing, substantial controversies, not hypothetical questions or possibilities.... Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." *City Communications, Inc. v. City of Detroit,* 888 F.2d 1081, 1089 (6th Cir.1989) (citations omitted). Unlike standing, in determining ripeness, the court's focus should be on the development of the facts and not on the parties themselves. *Hallandale Prof. Fire Fighters Local 2238 v. City of Hallandale,* 922 F.2d 756, 760 n. 3 (11th Cir.1991). If the district court does not have before it a ripe issue, the court must dismiss the claim as the court lacks subject matter jurisdiction. *Bigelow v. Michigan Dep't of Natural Res.,* 970 F.2d 154, 157 (6th Cir. 1992).

The Plaintiff argues that the 1993 EBO Code is effective and required to be enforced by the Defendants at this time, as it is the law in the City of Columbus. The Plaintiff concedes, however, that as a result of the Sixth Circuit's decision, the "application and approval" clause of the 1993 EBO Code has been rendered unenforceable,[2] but argues that the remaining clause requires that that Code "take effect and be in force at the earliest period allowed by law...." The Plaintiff interprets this phrase to mean thirty days after the "application and approval" section was invalidated by the Sixth Circuit. The

Plaintiff reasons that the district court in *Associated General Contractors v. City of Columbus,* Case No. 89CV936 (S.D.Ohio) (Graham, J.), analyzed an extensive evidentiary record presented by the City to justify the 1993 EBO Code and found this record to be insufficient, and argues "[s]ince that Opinion and Order was vacated by the Sixth Circuit, it is now appropriate to once again review that evidence."

The Defendant argues that the 1993 EBO Code:

> has never been effectuated or enforced by the City. No contracts have been let, nor will any contracts be let applying or implementing the 1993 EBO Code as it now exists. No invitation to bid has been made and no Requests for Proposals (RFPs) have been prepared, offered or used applying or utilizing the 1993 EBO Code.

The Court finds that the present issue is not ripe for review. The City has provided evidence, including the affidavit of Mayor Coleman, that clearly indicates that the 1993 EBO Code has not been effectuated by the City. In response, the Plaintiff solely relies upon its own analysis of what it believes the state of the Code is, but bare assertions are insufficient to survive a motion for summary judgment.[3]

Even if the Plaintiff is correct, that the 1993 EBO Code became effective on the date it states, that fact alone does not in and of itself create a live case or controversy. The Plaintiff has not alleged that the 1993 EBO Code resulted in, for example, one of its members being denied a construction contract on a date certain.[4]

---

2. The Sixth Circuit did not reach the question of whether the 1993 EBO Code was constitutional, but instead vacated the district court's opinion which declared the 1993 EBO Code unconstitutional. *Associated Gen. Contractors v. City of Columbus,* 172 F.3d 411, 414 (6th Cir.1999). This Court does not have occasion

to address the constitutionality of the 1993 EBO Code.

3. *See supra* Part IV.A.1.

4. The Plaintiff also attempts to argue that the City "must demonstrate that the 1993 EBO Code has been repealed, modified or legally

This Court cannot decide a case based on possibilities of what may happen if the Code become effective, but is limited to deciding matters that actually have transpired. The Court concludes that it lacks subject matter jurisdiction as the present case is not ripe for review.

## C. Advisory Opinion

 When parties are seeking an advisory opinion, no justiciable case or controversy exists. *Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Under Article III, courts are required to "avoid issuing advisory opinions based upon hypothetical situations." *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir.1995). That is, a court's judgment "must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (citation omitted). Determining whether an opinion would be advisory is interrelated with the question of whether there exists a case or controversy: "The requirements of standing, ripeness, and mootness guard against the issuing of advisory opinions." *State of Ohio ex rel. Celebrezze v. United States Dep't of Transp.*, 766 F.2d 228, 232 (6th Cir.1985).

The Defendant argues that the 1993 EBO Code:

> has never been effectuated or enforced by the City. No contracts have been let, nor will any contracts be let applying or implementing the 1993 EBO Code as it now exists. No invitation to bid has been made and no Requests for Proposals (RFPs) have been prepared, offered

suspended." The Plaintiff, however, has the

or used applying or utilizing the 1993 EBO Code.

Citing *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), *Epperson v. Arkansas*, 390 U.S. 941, 88 S.Ct. 1024, 19 L.Ed.2d 1128 (1968), and *Special Souvenirs, Inc. v. Town of Wayne*, 56 F.Supp.2d 1062 (E.D.Wis.1999), the Plaintiff argues that "pre-enforcement review is appropriate here." The Plaintiff states that a facial challenge, rather than an "as applied" challenge should be undertaken in this case.

Initially, the Court notes that the Plaintiff is maintaining two contradictory arguments. The Plaintiff initially argues that the 1993 EBO Code "negatively impacts its members." Then, the Plaintiff argues that "pre-enforcement review is appropriate here." The Plaintiff is arguing that the EBO Code has been enforced against its members and, in the same breadth, argues that the Code has not been enforced against its members. The Court will disregard this inconsistency, however, and reach the substance of the Plaintiff's pre-enforcement argument.

The cases cited by the Plaintiff are readily distinguished from the present one. First, *Doe* discussed whether a physician had standing to request the court to determine the constitutionality of a criminal statute on its face. The *Doe* Court concluded that the physician-plaintiff had standing because he could be subject to criminal prosecution for violating an anti-abortion statute. 410 U.S. at 186, 93 S.Ct. at 745; *see also Steffel v. Thompson*, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (finding that when a party is contesting the constitutionality of a criminal statute, "it is not necessary that [the plaintiff] first expose himself to actual arrest or prosecution to be entitled to chal-

burden of proof, not the Defendant.

lenge [the] statute that he claims deters the exercise of his constitutional rights."). The Plaintiff in this case, however, is not under the threat of criminal prosecution if the 1993 EBO Code is enacted and enforced. The threat of enforcement in this case is not on par with the plaintiff's in *Doe.*

In *Epperson,* the court did not address whether the plaintiff had standing, but rather assumed that she did. In his concurring opinion, Justice Black wrote: "I am by no means sure that this case presents a genuinely justiciable case or controversy." 393 U.S. at 109, 89 S.Ct. 266. Justice Black continued: "Notwithstanding my own doubts as to whether the case presents a justiciable controversy, the Court brushes aside these doubts and leaps headlong into the middle...." *Id.* at 110, 89 S.Ct. 266. This Court cannot rely upon the Supreme Court's analysis in *Epperson* on the issue of standing because, as aptly stated by Justice Black, no analysis was actually provided by the Court.

 Finally, the plaintiff's claims in *Special Souvenirs* focused on a First Amendment challenge, where standing and ripeness requirements are lessened. 56 F.Supp.2d at 1087; *see also New Mexicans for Bill Richardson v. Gonzales,* 64 F.3d 1495, 1499 (10th Cir.1995). The court in *Special Souvenirs,* in addition, made the finding: "Because Special Souvenirs is seeking money damages for the time it was closed during the conditional use permit process, it can demonstrate both a concrete injury and the possibility of redress by this court." *Id.* Here, in contrast, there was no First Amendment challenge put forth by AGC, and there has been no showing by AGC that there was a concrete injury that could be redressed by this Court.[5]

Accordingly, the Court concludes that reaching the claims presented by the Plaintiff would constitute an advisory opinion.

## V. CONCLUSION

Because the Plaintiff lacks standing to bring suit, the issues presented are not ripe for review, and because the resolution of the present case would result in an advisory opinion, the Defendant's Motion for Summary Judgment is **GRANTED** and the Plaintiff's is **DENIED**. The Court finds that it lacks jurisdiction over the present case and **DISMISSES** it in its entirety.

**IT IS SO ORDERED.**

---

**5.** The Court finds that the present matter does not present a live case or controversy, is not ripe and would merely result in an advisory opinion-not based on whether the prior Sixth Circuit decision is binding-but based on the Court's conclusion that the issues before it do not satisfy Article III's jurisdictional requirements. Although the Defendants suggest collateral estoppel in their Reply, the Court's decision does not hinge on this argument.