Sean STEVENSON, Plaintiff–
Appellant,

v.

J. PENNINGTON, individually and in
his official capacity; Ernest Chandler,
individually and in his official capacity; John Flynn, individually and in
his official capacity; Walter H. Whaley, Jr., individually and in his official
capacity; Lt. Russo, individually and
in his official capacity; Lt. Alewine,
individually and in his official capacity; Mr. Nichols, individually and in
his official capacity; P. Baker, individually and in his official capacity;
Kathleen M. Hawk–Sawyer; Margaret
C. Hambrick; J. Mash; Lt. Rupert;
Mr. Baird; Mr. Cornett, Defendants–
Appellees.

No. 00–5093.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before BOGGS and DAUGHTREY, Circuit Judges; WEBER, District Judge .*

Sean Stevenson, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Stevenson sued multiple prison officials contending that he was assaulted by a prison employee, J. Pennington. Stevenson stated that the defendants subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights, that he was subjected to retaliation for reporting the abuse in violation of his First Amendment rights, and that his Fifth and Fourteenth Amendment rights were violated. The district court subsequently dismissed the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

In his timely appeal, Stevenson argues that his complaint stated a cause of action, that he should have been appointed counsel, that the district court should have liberally construed his documents, that he was subjected to daily assaults and harass-

ment, and that Pennington should not have been dismissed as a defendant because of his failure to receive service of process.

As the parties filed evidence outside the pleadings to support their positions, the defendants' motion for failure to state a claim must be construed as a motion for summary judgment. *See Briggs v. Ohio Elections Comm'n,* 61 F.3d 487, 493 (6th Cir.1995). We review the district court's decision de novo. *Id.*

Upon review, we affirm the district court's judgment because Stevenson failed to exhaust his available administrative remedies. As the district court noted, Stevenson's complaint concerning his conditions of confinement were not exhausted through the available administrative process. Prisoners must exhaust all available administrative remedies prior to filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted, and he should attach documentation to the complaint indicating the administrative disposition of any grievances that he has filed. *See id.* When a prisoner has filed a civil rights complaint in federal court without first exhausting his available administrative remedies, dismissal of the complaint is appropriate. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

It is undisputed that Stevenson did not exhaust the administrative procedures of-

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

fered by the prison's grievance system prior to filing suit in federal court. *See Freeman,* 196 F.3d at 645; *Brown,* 139 F.3d at 1104. Stevenson claims that exhaustion would be futile and he has no administrative remedy to pursue because monetary relief is not available through the prison's grievance procedure. When a prisoner has an administrative process available that will review his complaint, the prisoner must exhaust the process even though monetary damages are not available. *Booth,* 121 S.Ct. at 1825; *Wyatt v. Leonard,* 193 F.3d 876, 878 (6th Cir.1999). As Stevenson admittedly failed to exhaust his available administrative remedies, the district court did not err in dismissing the complaint.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.