Terry Duane MUNOFO,
Plaintiff–Appellant,

v.

Michael ALEXANDER and William Rodgers, Defendants–Appellees.

No. 02–1373.

United States Court of Appeals,
Sixth Circuit.

Sept. 20, 2002.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; and WISEMAN, District Judge.*

*ORDER*

Terry Duane Munofo, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination,

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The underlying facts are set forth in the magistrate judge's report and recommendation and will not be repeated herein. Suffice it to say that Munofo brought this civil rights action claiming that he was illegally imprisoned for 18 days on an alleged parole violation. Munofo was released on parole from Michigan Department of Corrections ("MDOC") custody on August 10, 2000. On October 5, 2000, he was arrested by the Ferndale Police Department on the charge of unlawful driving away of an automobile ("UDAA"), stemming from an incident that had occurred on September 12, 2000. A parole detainer was issued on October 7, 2000. The defendants are Michael Alexander, Parole/Probation Area Manager for the MDOC's Field Operations Administration, Region II, and William Rodgers, Munofo's former parole agent. The defendants are sued in their individual capacities. Munofo sought monetary damages. He also sought injunctive relief, asking the court to direct the MDOC not to retaliate against him for filing this lawsuit.

The defendants filed a motion to dismiss or, in the alternative, motion for summary judgment, asserting that Munofo's action for damages is not cognizable under § 1983. Munofo responded. The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed. The magistrate judge reasoned that, since Munofo was contesting the validity of the parole detainer issued by the MDOC, and failed to first "prove that the conviction or sentence ha[d] been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus," Munofo's action is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The district court adopted the magistrate judge's report and recommendation over Munofo's objections.

In his timely appeal, Munofo asserts that the defendants did not follow proper procedures for parole revocation. He also states that he sought injunctive and monetary relief for the period of time he was incarcerated after October 19, 2000, when Judge Longo dismissed the UDAA charge and ordered Munofo be released. Consequently, he contends that, because he is not contesting the 1992 conviction underlying his parole status, and because his § 1983 claim does not call into question the fact or duration of his parole, his § 1983 claim is not barred by *Heck.*

Because the court considered matters outside the pleadings to dismiss the suit, the summary judgment standard of review, under Fed.R.Civ.P. 56(c), applies to this appeal, *see Briggs v. Ohio Elections Comm'n,* 61 F.3d 487, 493 (6th Cir.1995); *Bell v. Chesapeake & Ohio Ry. Co.,* 929 F.2d 220, 221–22 (6th Cir.1991). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Upon review, we conclude that the defendants are entitled to judgment as a matter of law. Munofo's claim is not cognizable under § 1983 for the reasons stated by the magistrate judge, as adopted by the district court. Although Munofo raises a due process challenge to the procedures used to detain him, his primary argument is that he was arbitrarily detained because there was no probable cause to detain him after the UDAA charge was dismissed for insufficient evidence. When a prisoner is

challenging parole procedures, he may bring a § 1983 action for damages. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1055–56 (D.C.Cir.1998). However, Munofo's allegations of procedural defects are clearly an attempt to challenge the substantive result in the parole hearing. Thus, Munofo's § 1983 claim is not cognizable under *Heck* because "a judgment in favor of the plaintiff would necessarily imply the invalidity" of the parole detainer at issue here. *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. Munofo has not demonstrated that he has successfully challenged his detention through the appropriate remedies. As indicated by the magistrate judge, Munofo abandoned a state court challenge to the detainer. Munofo's claim is controlled by *Heck*.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.