**Byron D. HARRINGTON, Plaintiff–Appellant,**

v.

**Fred PAINTER, Dea Task Force Officer; James Bellamy, U.S. Customs Special Agent; Delta Airlines, Inc., Defendants–Appellees.**

No. 03–5675.

United States Court of Appeals, Sixth Circuit.

Dec. 18, 2003.

Byron D. Harrington, Pro se, Caldwell, OH, for Plaintiff-Appellant.

Marianna Jackson Clay, Asst. U.S. Attorney, Andrew Sparks, Lexington, KY, Arthur H. Schlemmer, Steven C. Davis, Barron, Peck & Bennie, Cincinnati, OH, for Defendant-Appellee.

Before MERRITT, DAUGHTREY, and GIBBONS, Circuit Judges.

## ORDER

Byron D. Harrington, an Ohio prisoner proceeding *pro se*, appeals a district court judgment dismissing his civil rights complaint filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and 42 U.S.C. §§ 1983, 1985, and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 12, 2002, Harrington filed a complaint against the United States Department of Justice ("DOJ"), the Drug Enforcement Administration ("DEA"), DEA Task Force Officer Fred Painter, and United States Customs Special Agent James Bellamy. Harrington subsequently filed an amended complaint, naming the following additional defendants: the United States Government, the Federal Aviation Administration ("FAA"), the Federal Aviation Security Administration ("FASA"), and Delta Airlines, Incorporated ("Delta"). Harrington alleged that on March 7, 2001, he and Kenneth Stone purchased one-way airline tickets to Miami, Florida, through the Delta terminal at the Cincinnati/Northern Kentucky International Airport. Harrington alleged that the tickets, which cost approximately $1,200, were paid for in cash. Harrington alleged that he and Stone were subsequently approached by Painter and Bellamy, who asked to speak to them. Harrington alleged that Bellamy informed him that a drug detecting canine "had made a positive hit" on his luggage and requested him to submit to a voluntary search, which he refused. At that point, Harrington alleged that he went to a nearby pay phone to call his attorney but could not make contact. According to Harrington, Painter and Bellamy "became irrate [*sic*]" and argued with him, which culminated in Bellamy directing the airport police to arrest him for disorderly conduct. After his arrest, Harrington was searched, and a small

amount of marijuana and $10,736 in cash, which were found on his person, were seized.

Relying upon the First, Fourth, Fifth, and Fourteenth Amendments, Harrington alleged that Painter and Bellamy unlawfully questioned, detained, and arrested him. Harrington also alleged that the defendants engaged in racial profiling practices that subjected him to illegal detainment and arrest. Furthermore, Harrington alleged that the defendants conspired to violate his constitutional rights solely because of his African–American race. Harrington sought monetary, injunctive, and declaratory relief.

Upon initial screening of the complaint pursuant to 28 U.S.C. § 1915A, the district court dismissed all of Harrington's claims against the defendants with the exception of his *Bivens* claim against Painter and Bellamy in their individual capacities and his § 1985(3) and § 1986 claims against Painter, Bellamy, and Delta. Thereafter, Painter and Bellamy filed a motion to dismiss, accompanied by their own declarations under penalty of perjury. Harrington responded to the motion. The district court granted the motion filed by Painter and Bellamy and dismissed the case against the three remaining defendants. Harrington filed a timely appeal.

Although the district court indicated in its order granting Painter and Bellamy's motion that it was dismissing the case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, it plainly considered matters outside the pleadings in ruling on the motion, specifically, the declarations of Painter and Bellamy, to which the district court referred on numerous occasions. Thus, the district court treated the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

In his appellate brief Harrington says that the district court "drew premature decision in summary judgment without affording pro se plaintiff Fed. Civ. R. 56(f) [*sic*] compelling discovery." Prior to the filing of Painter and Bellamy's motion, the district court had denied plaintiff's request for a stay to permit discovery. In doing so, the court noted "If, after consideration of the defendants' answers and/or motions which might be filed pursuant to Fed. R.Civ.P. 12, the court determines that discovery is appropriate, the Court will enter a subsequent order addressing the discovery process." Also, in its order granting the motion to dismiss, the Court refused to consider a declaration submitted by plaintiff in response to the motion to dismiss because it constituted an unauthorized successive filing under local rule.

Rule 12(b) provides in part:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

With regard to the requirement that there be an opportunity to supplement the record if the district court treats the Rule 12(b)(6) motion as a Rule 56 motion, this court has stated:

Because of the risk of prejudicial surprise arising from the court's treating a motion to dismiss as a motion for summary judgment, Rule 12(b) further requires notice and an opportunity to supplement the record before the court enters summary judgment. *Id., Briggs v. Ohio Elections Comm'n,* 61 F.3d 487,

493 (6th Cir.1995). Failure to provide the parties with either constitutes reversible error. *Alioto v. Marshall Field's & Co.,* 77 F.3d 934, 936 (7th Cir.1996); *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991).

*Armengau v. Cline,* 7 Fed.Appx. 336, 343–44 (6th Cir.2001).

Here, the district court gave no notice of its intention to treat the Rule 12(b)(6) motion as a Rule 56 motion, and Harrington was not provided an opportunity to supplement the record or make a Rule 56(f) motion. Accordingly, we reverse the dismissal of defendants Painter and Bellamy and remand for further proceedings. Upon remand the district court may either rule on the motion to dismiss again without considering matters outside the pleadings or may treat it as a motion for summary judgment, after giving notice and an opportunity for supplementing the record.

Harrington has waived appellate review of the dismissal of his remaining claims asserted against the remaining defendants because he does not challenge the district court's dismissal of those claims and defendants from the action. *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, the district court's judgment is reversed as to defendants Painter and Bellamy and affirmed as to the remaining defendants. Rule 34(j)(2)(C), Rules of the Sixth Circuit.