GWIN, District Judge,
dissenting.
Disagreeing with the majority’s disposition of this case, I dissent. Though the Plaintiff failed to raise the waiver of notice argument on appeal, I would reverse the district court’s order dismissing Allstate’s complaint because the district court failed to provide any notice to the parties that it would treat LG&E’s motion to dismiss as a motion for summary judgment. Under our clear precedent, such notice was absolutely required before the district court could convert the motion to dismiss to a motion for summary judgment.
The majority makes much of the Plaintiffs failure to timely respond to the Defendant’s motion to dismiss. However, a district court cannot dismiss a plaintiffs complaint solely because the plaintiff fails to respond to a Rule 12(b)(6) motion to dismiss. See Carver v. Bunch, 946 F.2d 451, 452 (6th Cir.1991); Bangura v. Hansen, 434 F.3d 487, 498 (6th Cir.2006) (“the district court erroneously placed the burden on Plaintiffs to demonstrate that they stated a claim for relief ... the moving party bears the burden of demonstrating that the plaintiff failed to state a claim.”). Whether or not the plaintiff responds, the district court’s task remains the same — it cannot dismiss the complaint unless it “conclude[s] ‘beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ” Id. (quoting Haines v. Kemer, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).
Moreover, a district court may not dismiss a complaint for failure to state a claim based on a disbelief of the complaint’s factual allegations. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir.2001); Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 228-29 (6th Cir.1997); Wright v. MetroHealth Med. Ctr., 58 F.3d *316 1130, 1138 (6th Cir.1995). Instead, the court must accept all of the complaint’s factual allegations as true when determining whether those allegations form a claim. Smith v. City of Salem, 378 F.3d 566, 568 (6th Cir.2004).
Occasionally, such as occurred in the instant case, on a Rule 12(b)(6) motion to dismiss, a defendant may challenge the factual allegations of a complaint with extrinsic evidence. Federal Rule of Civil Procedure 12(b) provides that under such circumstances, a court may consider matters “outside the pleadings.” However, in the event the court decides to consider such matters, “the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. ” Fed. R.Civ.P. 12(b) (emphasis added).
In Briggs v. Ohio Elections Comm’n, 61 F.3d 487, 493 (6th Cir.1995), we held that where a district court intends to consider materials outside the pleadings, the district court has the duty to provide the plaintiff with notice and a reasonable opportunity to respond. This procedural safeguard prevents the risk of prejudicial surprise. Harrington v. Painter, 92 Fed. Appx. 126 (6th Cir.2003). Accordingly, failure to comply with the notice requirement set forth in Rule 12(b) is reversible error. See Briggs, 61 F.3d at 493; Helwig v. Vencor, Inc., 251 F.3d 540, 552 (6th Cir.2001) (“Rule 12 authorizes such a conversion but mandates that parties be given an opportunity to submit materials to support or oppose summary judgment.”). See also 27A Fed. Proe., L.Ed. § 62:629 (“[A] court which converts the motion to a motion for summary judgment under [Rule] 56 must comply with the notice and hearing requirements of [Rule] 56. This is true ... where the court otherwise considers matters outside the pleadings. Thus, as a general rule, notice must be given to each party that the status of the action is now changed, and the parties must be given a reasonable opportunity to present legal and factual material in support of or in opposition to the motion for summary judgment.”) (citations omitted). “We have underscored this requirement of ‘unequivocal notice’ on numerous occasions.” Helwig, 251 F.3d at 552.
The rule requiring notice of a court’s intention to convert a Rule 12(b)(6) motion to a motion for summary judgment is only fair. Under Rule 56, Defendant-Appellee LG&E Energy had every ability to clearly seek summary judgment and to rely upon evidence extraneous to the pleadings. It did not do this. Instead, LG&E Energy attached impermissible extraneous evidence to its Rule 12(b)(6) motion to dismiss. Allstate could reasonably believe, absent notice to the contrary, that the district court would simply disregard the evidence dehors the pleadings. Unless the court gives clear notice that it will consider evidence outside the pleadings, the summary judgment cannot stand.
In the instant case, the district court provided no notice to the Plaintiff that it would treat the Defendant’s motion to dismiss the case under Rule 12(b)(6) as a motion for summary judgment. The Defendant did suggest in its motion to dismiss that conversion of the motion was possible. However, I find that the Plaintiff lacked fair notice and no opportunity to seek an opportunity under Rule 56(f) to obtain discovery and submit evidence in opposition to the Defendant’s motion. Even if the Plaintiff had been fully aware of the possibility that the Court would consider the motion as one for summary judgment, the Plaintiff had almost no time to conduct discovery and respond — the Court granted the Defendant’s motion to *317 dismiss less than a month after it was filed.
Moreover, judging from the documents that Allstate attached to its motion to amend its complaint, I believe that, given the opportunity, the Plaintiff could have presented evidence of Defendant LE & G’s possible involvement with the events in question. For example, when it filed its motion to amend its complaint, the Plaintiff attached maps taken from LG&E’s website, showing that either LG&E or Kentucky Utilities provides electricity to Fayette County.
Allstate additionally included two letters that it received from LG&E’s insurer, Risk Management Services Corporation (“Risk Management”). In the first letter, dated April 1, 2003, Risk Management refers to LG&E and Kentucky Utilities as a unit, stating that it would “be handling this claim on behalf of LG&E/Kentueky Utilities.” (J.A. at 42). In the second letter, dated September 29, 2003, Risk Management once again refers to its client as “Kentucky Utilities (LG&E Energy).” Furthermore, this letter admits that Kentucky Utilities performed work in Fayette County after the storm: “In response to the storm, KU began immediate repairs to the power system before the storm even ended. To make restoration possible, KU had its personnel walk along KU’s lines to find damage.” (J.A. at 43). While LG&E denied liability in these letters, it at no point claimed that it was not a proper party.
We have consistently required district courts provide notice to the parties prior to converting a motion to dismiss into a motion for summary judgment. Allstate was entitled to rely on that rule and had no duty to independently submit evidence in response to Fending’s affidavit absent notice that the district court would consider matters outside the pleadings. See Song v. City of Elyria, Ohio, 985 F.2d 840, 842 (6th Cir.1993) (“When a party moves to dismiss an action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, both sides proceed with the expectation that the court will decide the motion on the basis of the pleadings alone unless the court notifies them otherwise.”). Therefore, I would hold that the district court’s failure to provide such notice and an opportunity to respond amounts to reversible error.