**Rachel KELLEY, individually and as Administratrix of the Estate of Roger Kelley, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civil Case No. 5:15–cv–370–JMH**

United States District Court, E.D. Kentucky, Central Division at Lexington.

Signed May 11, 2016

Joseph Daniel Buckles, Joseph D. Buckles, PLLC, Thomas Paul Szczygielski, Lexington, KY, for Plaintiff.

Thomas Lee Gentry, U.S. Attorney's Office, Lexington, KY, for Defendant.

### Order

Joseph M. Hood, Senior United States District Judge

This matter is before the Court upon the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment of Defendant, the United States of America. [DE 8]. Plaintiff filed a response in opposition to Defendant's motion [DE 12], to which Defendant replied [DE 13], thus, Defendant's motion [DE 8] is ripe for review. For the reasons set forth below, Defendant's motion to dismiss will be denied, and Defendant's alternative motion for summary judgment will be denied without prejudice to its later reassertion.

In her Complaint, Plaintiff asserts two causes of action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and 28 U.S.C. § 2671–2680: (1) that the Veteran Affairs ("VA") health professionals were negligent in failing to diagnose and treat Roger Kelley, which directly and proximately caused the wrongful death of Mr. Kelley and (2) that the VA was negligent in its operation of the Veteran's Crisis Line, which directly and proximately caused Mr. Kelley's wrongful death. [DE 1]. As to Plaintiff's first claim of negligence regarding Mr. Kelley's treatment at the VA, Defendant moves for summary judgment on two grounds, one, that the VA did not breach the standard of care owed to Mr. Kelley, and two, that the VA medical records do not suggest "that such a tragic outcome was even a remote possibility," that is, that there is a lack of causation. [DE 81 at 7]. Defendant offers the records of Mr. Kelley from the VA Medical Center at Lexington, Kentucky. [DE 9].

Regarding Plaintiff's second claim of negligence regarding the Veteran's Crisis Line, Defendant offers the declaration of Rich Barham, Assistant Program Managers for the Veterans Crisis Line, in support of its argument that the VA was not negligent in its handling of Mr. Kelley's telephone calls on March 9, 2014. [DE 8–3]. Mr. Barham avers that the records of the Veterans Crisis Line system show that, on March 9, 2014, Mr. Kelley called the hotline and was connected to a live individual responder at 8:25 a.m., that Mr. Kelley confirmed to the responder that he was not suicidal and would like to call back

as his roommates were present, and that the responder stated that the hotline was available 24 hours a day, 7 days a week, and to call back if he needed to talk. *Id.* Mr. Barham further declares that the records show that Mr. Kelley made a second call to the hotline on that same day at 8:35 a.m. but that the call, which lasted less than 30 seconds, was disconnected by the caller and thus never answered by the hotline. *Id.*

In response to Defendant's motion, Plaintiff argues that the motion for summary judgment is premature, and that Plaintiff should be permitted to conduct discovery before the Court rules on the motion in order that Plaintiff may adequately respond. Plaintiff argues that pre-discovery summary judgment is particularly unreasonable here given the fact that when Plaintiff attempted to obtain the records and recordings of Mr. Kelley's telephone calls to the crisis line via a FOIA request, the VA responded that no responsive records were found. [DE 12 at 4]. Yet, telephone records of Mr. Kelley's calls do exist and are available as evidenced by the declaration of Mr. Barham. [DE 8-3]. Defendant further states that it did not know that Mr. Kelley spoke to a live responder until February 23, 2013, which is when Defendant filed its motion. *Id.* Plaintiff requests that the Court deny Defendant's motion and allow Plaintiff to conduct discovery.

Rule 12(d) of the Federal Rules of Civil Procedure provides, in relevant part, that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). With regard to the requirement that there be an opportunity to supplement the record if the district court treats the Rule 12(b)(6) motion as a Rule 56 motion, the Sixth Circuit has stated: "Because of the risk of prejudicial surprise arising from the court's treating a motion to dismiss as a motion for summary judgment, Rule 12(b) further requires notice and an opportunity to supplement the record before the court enters summary judgment. Failure to provide the parties with either constitutes reversible error." *Harrington v. Painter,* 92 Fed.Appx. 126 (6th Cir.2003) (citing *Armengau v. Cline,* 7 Fed.Appx. 336, 343–44 (6th Cir.2001)) (internal citations omitted). Therefore, prior to considering Defendant's motion to dismiss as a motion for summary judgment, the Court is required to give notice of its intention to treat the Rule 12(b)(6) motion as a Rule 56 motion and to provide the Plaintiff an opportunity to supplement the record or make a Rule 56(d) motion.

In this case, the parties have not yet conducted any discovery. In fact, the parties have not even had their Rule 26(f) conference to discuss a discovery plan. While Plaintiff's response spells out what additional discovery is sought and how it would affect the outcome of the motion for summary judgment, that is, the telephone records which are in the exclusive control of the VA and the opportunity to provide this information to her expert, Plaintiff lacked the supporting affidavit required by Fed. R. Civ. P. 56(d).

Recognizing that the Sixth Circuit has indicated that summary judgment motions, as a matter of discretion, may be found premature where discovery has not commenced, *see McKinley v. City of Mansfield,* 404 F.3d 418, 443 (6th Cir.2005); *Vance By and Through Hammons v. United States,* 90 F.3d 1145, 1149 (6th Cir.1996), on May 4, 2016, the Court or-

dered Plaintiff to show cause why the Court should not enter summary judgment in favor of Defendant for Plaintiff's failure to comply with Fed. R. Civ.P. 56(d). [DE 14]. On May 9, 2016, Plaintiff timely responded to the Court's order, attaching the Affidavit of Rachel Kelley [DE 15, 15–1] in further support of her request for time to conduct discovery. Affiant Kelley confirms that the VA did not provide the telephone records sought through her FOIA request and she did not learn that Mr. Kelley spoke to a live responder until February 23, 2016, the date Defendant filed its motion. Such evidence is, in Plaintiff's estimation, necessary to prove her negligence claims and information that her expert also needs.[1]

■ The Court finds that through Plaintiff's response in opposition to Defendant's motion for summary judgment [DE 12], response to the Court's Order to Show Cause [DE 15], and Rule 56(d) affidavit [DE 15–1], Plaintiff has adequately explained what additional discovery is sought and how it would affect the outcome of the pending motion for summary judgment. Therefore, although the Court agrees with the United States that Plaintiff's claims may be amenable to summary judgment, given the relative infancy of this case and the lack of any discovery completed to date, the Court will permit discovery to occur prior to any determination as to Defendant's motion for summary judgment. For these reasons, Defendant's alternative motion for summary judgment [DE 8] will be denied without prejudice with leave to refile at a later time.

Additionally, the Court must deny Defendant's motion to dismiss. When evaluating a motion to dismiss, the Court must "construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir.2010)(internal citation omitted). A motion to dismiss tests the sufficiency of the complaint. *Id.*

■ Under the FTCA, a plaintiff may recover monetary awards from the United States for injury, property loss, or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope ... of employment." 28 U.S.C. § 1346(b). The United States may be held liable only if the conduct complained of amounts to negligence "in accordance with the law of the place where the act or omission occurred." *Id.* Here, the alleged negligent acts occurred in Kentucky, thus making Kentucky state tort law applicable to this case. *Rayonier, Inc. v. United States,* 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957). For Plaintiff to maintain an action for negligence against the United States, she must establish the common law elements of negligence, namely that the VA had a duty to perform, that they breached the duty, and that as a direct result of the breach, Plaintiff was harmed. *Boland–Maloney Lumber Co. v. Burnett,* 302 S.W.3d 680, 686 (Ky.Ct.App.2009).

■ The Court finds that Plaintiff has stated cognizable theories of negligence under Kentucky law. Claim One asserts that the VA breached the duty of care

---

1. Plaintiff and Defendant appear to both agree that a plaintiff in a medical negligence case generally must produce expert testimony establishing deviation from the standard of care and that the alleged breach proximately caused the injury. *Douglas v. U.S.,* No. 10–cv–26, 2011 WL 2633612, at *4 (E.D.Ky. July 5, 2011)(citing *Andrew v. Begley,* 203 S.W.3d 165, 170 (Ky.Ct.App.2006)).

owed to Mr. Kelley by failing to diagnose and treat him, which proximately caused the permanent and irreparable injury to Mr. Kelley. [DE 1]. Claim Two alleges that the VA owed a duty to Mr. Kelley by advertising itself and its crisis line as a resource to him and that the VA breached its duty to Mr. Kelley when it failed to follow crisis intervention standards of care, which proximately caused Mr. Kelley's permanent and irreparable injuries. *Id.* For these reasons, Defendant's motion to dismiss will be denied.

Accordingly, **IT IS ORDERED:**

(1) That the Court's Show Cause Order dated May 4, 2016 [DE 14] is **DISCHARGED;**

(2) That Defendant's Motion to Dismiss [DE 8] is **DENIED;**

(3) That Defendant's Alternative Motion for Summary Judgment [DE 8] is **DENIED WITHOUT PREJUDICE** with leave to refile.